UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO: 2:14-cr-135-SPC-KCD-1

LESLIE CHIN
_____/

## ORDER

Before the Court are Defendant Leslie Chin's *pro se* Motion for Reduction of Sentencing Under to 18 U.S.C. § 3582 (Doc. 111), Defendant's *pro se* Motion to Show Cause Within (10) Days or Hold Status Hearing Within (30) Days (Doc. 314), the United States Probation Office's Memorandum (Doc. 315), and Defendant's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 319).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range;

and (3) the defendant received a higher sentence than the minimum of the amended guideline range. Probation's Memorandum says Defendant meets all three, and a review of the record confirms so.

The Court originally calculated Defendant's total offense level to be 32 and his criminal history category to be V, which translated to a guideline range of 188 to 235 months. The Court sentenced Defendant to 188 months' imprisonment to run concurrently, but not coterminous, with his three state sentences.

Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821. Defendant's criminal history is IV under the amended guidelines (the total offense level remains unchanged). The new criminal history category would render a advisory guideline range of 168 to 210 months. The parties recommend that the Court sentence him to the low end of the guideline range—168 months of imprisonment.

However, around five years after the original sentence, the Court granted Defendant's Unopposed Amended Motion to Correct the Judgment and Conviction to the extent it adjusted his sentence under U.S.S.G. § 5G1.3(b). (Doc. 294 at 2). The Court adjusted his sentence to 143 months' imprisonment to run concurrently, but not coterminous, with his three state sentences. (*Id.*)

After considering Probation's Memorandum and the parties' recommendation against the record and applicable law, the Court exercises its discretion to deny any further reduction. As an initial matter, Defendant's 143-month sentence is below the 168-month reduced sentence that the parties request under Amendment 821. Additionally, the Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), which militate against a further reduction. Specifically, the nature and circumstances of the offense whereby the Defendant conspired with at least two other individuals to distribute large quantities of drugs in South Carolina, Georgia, and Southwest Florida beginning as early as 2005. Further, the Court already sentenced Defendant to the low end of his guideline range and finds that his adjusted 143-month sentence remains sufficient, but not greater than necessary, to comply with the purposes of sentencing. The Court thus grants Defendant's Motion to the extent that the amended criminal history category is IV, but denies Defendant's motion as to any further reduction from the 143 month sentence.

As a side note, in his *pro se* Motion, Defendant explains that he has diligently engaged in programming and rehabilitation efforts while incarcerated. Notably, Defendant does not invoke 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release," and his counsel does not mention compassionate release in the Unopposed Motion. A court need not

3

address issues raised by a Defendant in a pro se motion when Defendant is represented by counsel. However, the Court has nonetheless considered his eligibility for compassionate release. Defendant has not shown that he fully exhausted his administrative remedies as the statute requires, and even if he had, he has not shown that extraordinary and compelling reasons support a sentence reduction on these grounds. Further, the Probation Memorandum shows that Defendant has had numerous disciplinary infractions while in prison. So, to the extent Defendant moves for a reduced sentence based on compassionate release, the Court denies that portion of his request.

Accordingly, it is

**ORDERED**:

1. Defendant Leslie Chin's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 319) is **GRANTED** to the extent that his new Criminal History Category is IV but **DENIED** as to any further reduction in sentence.

2. Defendant Leslie Chin's *pro se* Motion for Reduction of Sentencing Under to 18 U.S.C. § 3582 (Doc. 311) is **DENIED**.

3. Defendant Leslie Chin's *pro se* Motion to Show Cause Within (10) Days or Hold Status Hearing Within (30) Days (Doc. 314) is **DENIED AS MOOT**.

5

**DONE and ORDERED** in Fort Myers, Florida on October 29, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record